UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY ROUSE,

        Plaintiff,                                    Case No. 1:08-cv-982

v.                                                      HON. JANET T. NEFF

MICHIGAN DEPARTMENT
OF STATE POLICE,

        Defendant.

_____/

## **OPINION**

Plaintiff Terry Rouse filed this action against defendant Michigan Department of State Police, his former employer, following his forced retirement in August 2007, after 30 years of employment. Plaintiff's First Amended Complaint (FAC) alleges two claims: (1) disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a), and (2) weight discrimination under Michigan's Elliott-Larsen Civil Rights Act (ELCRA), MICH. COMP. LAWS § 37.2202(1)(a). Pending before the Court is defendant's "Motion to Dismiss" (Dkt 30) pursuant to FED. R. CIV. P. 12(b)(6) or, alternatively, FED. R. CIV. P. 56. Having fully considered the parties' motion briefs and statements of uncontested facts, the Court determines that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d). For the reasons, that follow, the Court concludes that defendant's motion is properly denied.

I. Facts

Plaintiff began employment with defendant on June 26, 1977, and was employed as an Operations Lieutenant at the time of his release from employment on August 17, 2007 (FAC ¶¶ 6-7, 25; Def. Concise Statement of Uncontested Facts (CSUF) ¶¶ 1, 32). He was overweight at the time of hire and now weighs 300 lbs., which was his weight at various times during his employment (FAC ¶¶ 20-21). In November 2006, plaintiff was granted medical leave for hip replacement surgery, returning to work on January 24, 2007 (FAC ¶¶ 9-10; CSUF ¶ 12).

After his return to work, plaintiff was required to undergo a requalification examination for gun issuance on May 3, 2007, which he passed (FAC ¶ 11). However, during the rifle familiarization, Detective Mary Pekrul, plaintiff's supervisor, questioned his physical abilities when his knee did not go to the ground, stating that she believed he was still "sick"; she also commented that plaintiff had a handicap sticker on his car (FAC ¶¶ 12-13, 15; CSUF ¶ 25; Pl. Br. Ex 1, Pl. Dep. 195-96). Plaintiff's captain further commented that he noticed plaintiff was out of breath (FAC ¶ 14; Pl. Br. Ex 1, Pl. Dep. 196-97). Shortly after, plaintiff was directed by defendant to undergo a medical examination by his doctor and complete a fitness for duty questionnaire, which determined he was able to perform the essential duties of his job and was fit for duty (FAC ¶¶ 16-17).

Plaintiff was subsequently required to undergo an independent medical examination (IME) by Charles E. Syrjamaki, M.D., selected by defendant, who found plaintiff unfit for duty and morbidly obese (FAC ¶¶ 18-19; CSUF ¶¶ 26-27). Plaintiff was later released from duty and forced to retire on October 1, 2007 (FAC ¶¶ 23-25; CSUF ¶¶ 32, 34).

II. Legal Standard

In deciding a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), the court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party. *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir. 2008); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006), overruled in part on other grds. "A claim survives this motion where its '[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.'" *Zaluski v. United Am. Healthcare Corp.,* 527 F.3d 564, 570 (6th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544; 127 S. Ct. 1955, 1959 (2007)). Stated differently, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.

A motion for summary judgment is properly granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Slusher v. Carson,* 540 F.3d 449, 453 (6th Cir. 2008); *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005). The party moving for summary judgment has the initial burden of showing that no issue of genuine material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of a genuine issue for trial. *Slusher,* 540 F.3d at 453.

III. Discussion

A. Plaintiff's ADA Claim

Defendant argues that plaintiff's ADA claim fails as a matter of law because it is based on an allegation that he was regarded as a person with a disability, 42 U.S.C. § 12102(1)(C) and § 12102(3), and plaintiff does not meet the requirements for such a claim.

The ADA's regarded-as-disabled definition of disability applies when:

> "(1) [an employer] mistakenly believes that [an employee] has a physical impairment that substantially limits one or more major life activities, or (2) [an employer] mistakenly believes that an actual, nonlimiting impairment substantially limits one or more [of an employee's] major life activities."

*Gruener v. Ohio Cas. Ins. Co.,* 510 F.3d 661, 664 (2008) (quoting *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 489 (1999)).[1] Defendant contends that neither situation is present here.

With respect to the first prong, defendant contends that it was not mistaken in its belief that plaintiff was disabled. Defendant argues that there was no mistake because the medical report completed by Dr. Syrjamaki determined plaintiff to be permanently disabled from performing seven essential functions of his position, and defendant relied on this report to relieve plaintiff of duty. However, plaintiff presented a contrary medical certification from his physician that he was capable of performing the essential duties of his position. Further, defendant's human resources director testified that at the time of this certification, human resources was satisfied that plaintiff was able to perform his job duties (Pl. Br. Ex. 10, Debra Gilmore Dep. 17-18).

---

[1] "Congress has recently enacted major changes to the ADA." *See Verhoff v. Time Warner Cable, Inc.,* 299 Fed. Appx. 488, 492, 2008 WL 4691794, *2 (6th Cir. 2008) (citing Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008)). The parties do not address these amendments, and they do not appear to be at issue in this case. The amendments do not apply retroactively. *Milholland v. Sumner County Bd. of Educ.,* 569 F.3d 562, 565-67 (6th Cir. 2009).

Given the conflicting medical reports and other supporting evidence, genuine issues of material fact exist concerning whether plaintiff was permanently disabled, and consequently, whether defendant mistakenly believed that plaintiff had a physical impairment that substantially limits one or more major life activities. Defendant is not entitled to summary judgment with respect to plaintiff's claim under the ADA.

B. Plaintiff's Weight Discrimination Claim

Defendant argues that plaintiff has failed to establish a prima facie case of weight discrimination because plaintiff has produced no evidence, either direct or circumstantial, suggesting that his weight was a determining factor in the adverse employment action. The Court concludes to the contrary. Plaintiff has carried his burden of showing the existence of genuine issues of material fact for trial. *See Slusher,* 540 F.3d at 453. Given the evidence, this claim is properly submitted to the trier of fact.

The ELCRA provides a cause of action for weight discrimination:

> An employer shall not do any of the following:
>
> (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

MICH. COMP. LAWS § 37.2202(1).

To prevail on a claim of weight discrimination, a plaintiff must show that weight was a determining, not necessarily the sole, factor in the adverse employment action, i.e., the unlawful adverse action would not have occurred without weight discrimination. *Matras v. Amoco Oil Co.*, 385 N.W.2d 586, 589 (Mich. 1986). That is, weight "'does not have to be the only reason, or even the main reason, but it does have to be one of the reasons which made a difference in determining

5

whether or not to [discharge] the plaintiff.'" *Id.* (quoting M. S.J.I. 2d, 105.02); *see also Ross v. Beaumont Hosp.,* 687 F. Supp. 1115, 1124 (E.D. Mich. 1988).

Defendant argues that it is "abundantly clear" that the determining factor in relieving plaintiff from duty was the determination by Dr. Syrjamaki that plaintiff was permanently disabled and unable to perform the essential functions of his job (Def. Br. 8). However, as plaintiff points out, the evidence establishes that defendant relied on Dr. Syrjamaki's report as the basis for relieving plaintiff from his duties, and Dr. Syrjamaki's report included determinations concerning plaintiff's weight:

> In general, most of these impairments Mr. Rouse has functionally would be considered permanent. *Obviously, if he lost a significant amount of weight he could have the potential ability to perform these essential functions of a lieutenant with the Michigan State Police.*
>
> *I think the possibility of Mr. Rouse losing this degree of weight would be extremely unlikely*, but he would still be left with having had bilateral hip replacements as well as having the ongoing neuropathy, which are permanent problems.

CSUF Ex. N, Dr. Syrjamaki IME p. 4 (emphasis added).

Captain Christopher Lewis testified that he relied on Dr. Syrjamaki's report in deciding to release plaintiff from duty (CSUF Ex. O, Lewis Dep. 11). Lewis stated that he didn't think the situation was solely plaintiff's weight, but that he did not think the situation was going to get better (*Id.* at 22-23). Contrary to defendant's argument, Lewis' testimony does not clearly establish that weight was *not* a factor in plaintiff's release. Rather, this testimony, considered in light of other evidence presented, warrants submission of whether weight was a "determining factor" in plaintiff's release, to the trier of fact.

6

Defendant argues secondarily that plaintiff has not established a prima facie case of weight discrimination because he has presented no evidence of a discriminatory animus, i.e., that the persons involved in the decision to release plaintiff were predisposed to discriminate on the basis of weight (Def. Br. 8, 11). *See Dixon v. W.W. Grainger, Inc.,* 423 N.W.2d 580, 583 (Mich. Ct. App. 1987) (discussing prima facie showing required under *McDonnell-Douglas*[2]). Defendant further argues that even if plaintiff has shown discriminatory animus toward his weight, he has failed to show that defendant's legitimate, nondiscriminatory reason for plaintiff's discharge—his permanent disability, was pretext. *See Clark v. Uniroyal Corp.*, 327 N.W.2d 372, 374-75 (Mich. Ct. App. 1982) (discussing the standard for showing pretext under *McDonnell-Douglas* and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248 (1981)).

Again, based on the evidence, the Court concludes that plaintiff has presented evidence sufficient to warrant submission of these issues to the trier of fact. Dr. Syrjamaki's report directly addressed concerns about plaintiff's weight, and it is undisputed that defendant relied on this report in releasing plaintiff from duty. Additionally, other circumstantial evidence supports an inference that plaintiff's weight was a concern to plaintiff's supervisors and others involved in his release.

## IV. Conclusion

Because genuine issues of material fact exist concerning plaintiff's ADA and weight discrimination claims, defendant is not entitled to judgment as a matter of law. Defendant's "Motion to Dismiss" (Dkt 30) is therefore denied.

---

[2]*McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

An Order will be entered consistent with this Opinion.


DATED: March 8, 2010            /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge